# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| **CLIFFORD KEELE,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | Case No. 4:10CV811 HEA |
| ) | |
| **CITY OF ST. JOHN, et al.,** ) | |
| ) | |
| **Defendants.** ) | |

## OPINION, MEMORANDUM AND ORDER

Pro se plaintiff Clifford Keele brought suit against defendants City of St. John, Missouri ("City") and St. Louis County ("County") for alleged violations of his constitutional rights arising out defendants' involvement with arresting and prosecuting plaintiff for violations of municipal codes and ordinances. This matter is before the court on defendant City's motion to dismiss or for more definite statement [Doc. #16] and defendant County's motion to dismiss plaintiff's first amended complaint or alternatively for a more definite statement [Doc. #19]. Plaintiff has responded to the motions, and defendant City has filed a reply.

## STANDARD OF REVIEW

The Court notes that plaintiff is a pro se litigant, and as such his pleadings are held "'to less stringent standards than formal pleadings drafted by lawyers.'" Ellis v. Butler, 890 F.2d 1001, 1003 (8th Cir. 1989) (quoting Haines v. Kerner, 404 U.S. 519, 520 (1972)). Nevertheless, plaintiff must comply with substantive and procedural law. See Am. Inmate Paralegal Ass'n v. Cline, 859 F.2d 59, 61 (8th Cir. 1988).

Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain

statement of the claim showing that the pleader is entitled to relief." The pleading standard Rule 8 announces does not require "detailed factual allegations," Bell Atl. Corp. V. Twombly, 550 U.S. 544, 555 (2007), but "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, _ U.S. _, 129 S. Ct. 1937, 1949 (2009). A pleading that offers legal conclusions, a formulaic recitation of elements, or naked assertions devoid of factual enhancement does not suffice. Id.

To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (quoting Twombly, 550 U.S. at 570). A claim has facial plausibility when the alleged facts allow a court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. The plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully." Id.

Only well-pleaded facts are accepted as true, while "[t]hreadbare recitals of the elements of a cause of action" and legal conclusions are not. Id. "[L]egal conclusions can provide the framework of a complaint, [but] they must be supported by factual allegations." Id. at 1950. When a complaint contains well-pleaded factual allegations, a court should assume the well-pleaded facts are true and then determine whether they plausibly entitle the plaintiff to relief. Id. If the well-pleaded facts do not plausibly entitle the plaintiff to relief, the claim should be dismissed. Id.

## THE AMENDED COMPLAINT

Plaintiff's pro se amended complaint is divided into six numbered sections. In the first section, plaintiff summarizes his claim, stating that defendants violated his rights under the Fourth, Fifth, Sixth, Seventh, Eighth, and Fourteenth Amendments "through their policies and their actions"

2

and that "implementation of laws are unconstitutional" citing several municipal codes and ordinances. Doc. #12, p. 1.

In the second section, plaintiff anticipates the defendants' argument that his complaint is barred by the statute of limitations. He asserts that a ten-year statute of limitations applies because his action is one seeking payment of money upon a writing. He alleges that his action falls within this ten-year statute of limitations.

In the third section, plaintiff recounts the "[i]nvolvement of the City of St. John with the actions of the lawsuit." Id. at 2. He alleges that in 2002, 2003, and later, employees of defendant City claimed that municipal codes justified entry into his property without a search warrant and the ability to deprive him of the use of his property in violation of the Fourth, Fifth, and Fourteenth Amendments. He asks the Court to deem these laws and practices unconstitutional. He further alleges that between March 2003, and November 17, 2003, defendant City wrote him thirteen citations, to which plaintiff pleaded not guilty in defendant City's municipal court. He alleges that he attended three court dates prior to November 17, 2003, but a trial was repeatedly denied in violation of his Sixth Amendment right to a speedy trial.

Plaintiff alleges that on November 18, 2003, defendant City arrested him for "predominately the same issues that the Plaintiff had previously entered a not guilty plea, and the city demanded $3000 cash bail without a Grand Jury Injunction, and never permitting the Plaintiff a Bail Hearing in front of a judge." Id. at 3. He alleges that defendant City did not advise him of his legal rights or offer legal representation. Plaintiff alleges that between November 19, 2003, and December 2003, defendant City wrote him another half dozen citations for predominately the same issues as the previous citations but continued to deny him a trial for any of the charges or citations.

3

Plaintiff alleges that defendant City's employees repeatedly failed to deliver subpoenaed information to plaintiff, including police reports, logs, and surveillance media pertaining to his arrest. He alleges defendant City's employees failed to appear for depositions, depriving him of a venue to confront the witnesses against him and the right to discovery of information. Plaintiff alleges that these actions preclude him from ever receiving a fair trial.

Plaintiff alleges that, as a defendant in the cases from defendant City, he repeatedly asked for a trial to be held, but to no avail. He alleges that the trial was repeatedly continued by the St. Louis County Circuit Court.

Plaintiff next alleges that the prosecutor discussed issues involved in his case with non-parties. He claims that the prosecutor grossly misrepresented the issues and convinced the power company to shut off his power. He alleges the prosecutor took similar actions with respect to the water and gas companies.

Plaintiff alleges that following the fourth scheduled trial date on July 16, 2007, the attorney for defendant City claimed that all pending charges were civil charges, rather than criminal. Plaintiff claims that this indicates that his earlier arrest and payment of bail were illegal.

Plaintiff concludes his allegations against defendant City with the following summary:

> By failure to follow due process of law, never apprising the Plaintiff, Mr. Keele of his rights at the time of the arrest, holding the Plaintiff, Mr. Keele's money, and denying the Plaintiff, Mr. Keele, a trial, never properly enumerating the charges, and claiming to have the right to conduct warrantless searches, the City of St. John continues to be in defiance of the 4th, 5th, 6th, 7th, 8th, and 14th amendments.

Id. at 5.

The fourth section of the complaint states the "[i]nvolvment of St. Louis County with the actions of the lawsuit." Id. Plaintiff alleges that when he was arrested on November 18, 2003, he

4

was transferred from defendant City's custody to defendant County's. He alleges he was not informed of the true nature and cause of the accusations against him.

Plaintiff alleges that defendant County continued to hold him in the St. Louis County Jail while denying him access to his financial resources and insisting that he deliver $3000 in cash after 5:00 PM to a location several miles away from where he was being held. He alleges that defendant County did not immediately release him upon payment of the $3000 bail and that he was only released after an acquaintance arrived at the jail.

Plaintiff alleges that defendant City with the participation of defendant County "essentially kidnapped [sic] the Plaintiff from inside the City of St. John Courtroom." Id. at 6. He claims they refused to take checks or credit cards as payment for bail. He claims they required excessive bail without a hearing. He alleges they took away his cellular phone, failed to provide him with communication, and otherwise prevented him access to his personal banking resources. He alleges that defendants were aware that he was not a Missouri resident. He further alleges that all of defendants' actions were taken specifically to cause him harm, amounting to violations of his rights under the Fifth, Eighth, and Fourteenth Amendments. He alleges that defendant County's policies were permissive of the actions of defendant City.

Plaintiff alleges that he has requested return of his bail money several times, but the requests were repeatedly refused by the prosecutor and court. He alleges that defendants provide no venue for requesting return of the money.

Plaintiff next focuses on the relationship between defendant County and the St. Louis County Circuit Court. He questions whether they are independent entities, listing several facts tending to show a "co-dependence" between them. Id. at 8.

5

The fifth section of plaintiff's amended complaint refers to settlement negotiations between the parties. Plaintiff indicates that he has rejected defendants' settlement offers for various reasons.

The sixth section of the amended complaint lists plaintiff's demands. He seeks immediate return of the $3000 bail, "typical loan inception costs of 10%," "20% interest compounded annually," dismissal with prejudice of the charges against him, punitive damages, an order prohibiting defendants from similar actions in the future, and an order deeming certain codes and ordinances unconstitutional. Id. at 10.

## DISCUSSION

Construed liberally, plaintiff brings suit pursuant to 42 U.S.C. § 1983 in that he attempts to assert causes of actions against local governmental entities based on alleged violations of his rights under the U.S. Constitution. See West v. Atkins, 487 U.S. 42, 48 (1988)(stating that "[t]o state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law"); Miener v. State of Mo., 673 F.2d 969, 976 n.6 (8th Cir. 1982)(explaining that § 1983 gives individuals a cause of action for violations of the Constitution). Plaintiff seeks injunctive relief in that he asks the Court to order defendants to take certain actions, including, inter alia, immediate return of his bail money and dismissal of all charges against him. Plaintiff also seeks punitive damages and interest on the bail money.

In November 2008, plaintiff filed suit with this court alleging the same causes of action as described above in Case No. 4:08-CV-1833-DJS. That case was dismissed on March 6, 2009, on the grounds that comity required the court to abstain and allow the state court to proceed and that plaintiff's complaint failed to state a claim upon which relief could be granted.

In the instant motions, defendants City and County argue that plaintiff's complaint fails to state a claim upon which relief can be granted in that his complaints are barred by the applicable statute of limitations. They argue that he fails to state a claim of municipal liability pursuant to 42 U.S.C. § 1983. They further argue that the Court should again abstain from hearing plaintiff's claim pursuant to Younger v. Harris, 401 U.S. 37 (1971) and its progeny.

"The limitations period for a [§] 1983 action is governed by the statute of limitations for personal injury actions in the state in which the claim accrues." Sanchez v. United States, 49 F.3d 1329, 1330 (8th Cir. 1995). All of the actions alleged in plaintiff's complaint occurred in Missouri, so the Missouri five-year personal injury statute of limitations governs plaintiff's claims. See Chandler v. Presiding Judge, Callaway Cnty., 838 F.2d 977, 978-79 (8th Cir. 1988); Mo. Rev. Stat. § 516.120(4). Plaintiff's suit was filed on May 4, 2010, so it is barred by the statute of limitations if his cause of action accrued prior to May 4, 2005.

Plaintiff's complaint asserts numerous actions which he alleges to be violations of his constitutional rights, occurring at various times between 2003 and the present. The allegedly illegal search, arrest, and detention all occurred in 2003, more than five years prior to plaintiff filing his lawsuit. Thus, plaintiff's alleged § 1983 claims arising out of these actions are barred by the statute of limitations and will be dismissed with prejudice. See Botten v. Shorma, 440 F.3d 979, 980-81 (8th Cir. 2006)(affirming dismissal with prejudice on statute of limitations grounds).

Plaintiff further alleges that he has been denied a trial date, resolution of his state proceedings, and return of his bail from 2005 to the present. Because these claims will be dismissed for other reasons discussed below, the Court will not attempt to resolve whether they are also barred by the statute of limitations.

Having found that plaintiff's Fourth and Eighth Amendment claims are barred by the statute of limitations, the Court turns to his § 1983 claims pursuant to the Fifth, Sixth, Seventh, and Fourteenth Amendments alleging the defendants' failure to resolve the charges against him and return his bail money. To state a claim under § 1983, a plaintiff must allege an action performed under color of state law that resulted in a constitutional injury. Springdale Educ. Ass'n v. Springdale Sch. Dist., 133 F.3d 649, 651 (8th Cir. 1998). "A local government, however, cannot be held liable under [§] 1983 for an injury inflicted solely by its employees or agents on a theory of respondeat superior." Id. Under Monell v. Department of Social Services of New York, 436 U.S. 658 (1978), a local government may only be held liable for the unconstitutional acts of its officials or employees pursuant to § 1983 when those acts implement or execute an official policy or custom. Id. at 694. "Because an official policy speaks for itself about the intent of public officials, proof of a single act by a policymaker may be sufficient to support liability." Jenkins v. County of Hennepin, Minn., 557 F.3d 628, 633 (8th Cir. 2009). To state a claim arising out of an unconstitutional policy, plaintiff must allege "a deliberate choice of a guiding principle or procedure made by the municipal official who has final authority regarding such matters." Id. To state a claim arising out of an unconstitutional custom, plaintiff must allege a "continuing, widespread, persistent pattern of unconstitutional misconduct" and "either that policymakers were deliberately indifferent to the misconduct or that they tacitly authorized it." Id. at 634.

Here, plaintiff's claims that are arguably not barred by the statute of limitations concern defendants alleged refusal to conclude the prosecution of his municipal ordinance and code violations. Plaintiff does not allege any official municipal policy that was being implemented by defendants in failing to proceed with his prosecution. Nor does plaintiff allege an unconstitutional

custom, a continuing, widespread, persistent pattern of unconstitutional actions, to which policymakers were deliberately indifferent or which was tacitly authorized. Accordingly, because plaintiff has not alleged any policy or custom that defendants have implemented to deprive him of his constitutional rights, he fails to state a claim for municipal liability against these defendants. See Springdale Educ. Ass'n, 133 F.3d at 651 (holding that dismissal was proper when complaint failed to allege "that any constitutional injury was the result of an official policy or widespread custom"). Furthermore, because plaintiff has failed to allege facts sufficient to state a claim even after being granted leave to amend, the Court's dismissal will be with prejudice. Id. at 653.

Because the Court finds that plaintiff's complaint fails to state a claim upon which relief can be granted, the Court declines to address abstention pursuant to Younger.

For the above stated reasons,

**IT IS HEREBY ORDERED** that defendant City of St. John, Missouri's motion to dismiss [Doc. #16] is **GRANTED**.

**IT IS FURTHER ORDERED** that defendant St. Louis County's motion to dismiss [Doc. #19] is **GRANTED.**

**IT IS FURTHER ORDERED** that plaintiff Clifford Keele's amended complaint [Doc. #12] is hereby **DISMISSED** with prejudice.

Dated this 4th day of February, 2011.

                                              HENRY EDWARD AUTREY
                                              UNITED STATES DISTRICT JUDGE